UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAROLINA MOREIRA HOYER,

    Plaintiff,

-vs-

LEXISNEXIS RISK SOLUTIONS INC.,

    Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CAROLINA MOREIRA HOYER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create background reports, like LexisNexis, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Escambia County, in the State of Florida; the violations described in this

Complaint occurred in this District; and LexisNexis transacts business within this District.

8. Plaintiff is a "consumer" as defined by the FCRA.

9. LexisNexis is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. In or about August 2024, Plaintiff applied for housing with non-party, Hunter's Pointe, located in the State of Florida.

13. As part of the application process, Hunter's Pointe obtained a copy of Plaintiff's consumer file.

14. Following a review of her consumer report, Hunter's Pointe advised Plaintiff that the consumer report revealed a past eviction.

15. Hunter's Pointe placed Plaintiff's application on hold for over a month delaying Plaintiff's ability to obtain housing because the consumer report prepared by LexisNexis contained false and inaccurate information about Plaintiff.

16. Specifically, the consumer report prepared by LexisNexis falsely stated that Plaintiff was a defendant in an eviction proceeding filed in Mecklenburg County, North Carolina, Case No. 2024CVM003675 (hereinafter "Eviction Proceeding").

17. The Eviction Proceeding filed by CPIEW Abode Greenway Owner LLC (hereinafter "Abode Greenway) was for the real property located at 2150 Wells Meadow, Apt 110, Charlotte, North Carolina 28208.

18. A possession only judgment was entered in the Eviction Proceeding on February 16, 2024.

19. On or about August 13, 2024, Plaintiff filed a police report with the Charlotte-Mecklenburg Police Department regarding the identity theft and fraud.

20. Shortly thereafter, Plaintiff contacted Abode Greenway to dispute the erroneous Eviction Proceeding.

21. Plaintiff has never lived at Abode Greenway, and at the time of the lease provided by Abode Greenway, Plaintiff was a resident of Highland Square Apartments in Atlanta, Georgia.

22. On or about October 7, 2024, Abode Greenway provided Plaintiff with a copy of the Apartment Lease Contract with a date of lease of June 21, 2023, and

with a cropped image of the government issue ID used for identity verification at the time of the lease application.

23. On or about October 11, 2024, Plaintiff advised Abode Greenway that the partial identification they provided was not Plaintiff, and Plaintiff provided copies of her current identification.

24. Due to the inaccurate reporting, on or about December 16, 2024, Plaintiff mailed a detailed written dispute letter to LexisNexis. Plaintiff advised that the eviction proceeding in her consumer report was inaccurate and did not belong to her. To confirm her identity, Plaintiff included an image of her driver's license and Social Security card as proof of identity. In the letter, Plaintiff included images of the erroneous reporting, images of the police report filed with the Charlotte-Mecklenburg Police Department, images of her apartment lease with Highland Square Apartments, images of the fraudulent apartment lease with Abode Greenway, and other supporting documents.

25. Plaintiff mailed her detailed dispute letter to Lexis via USPS Certified Mail, tracking number 9407 1112 0620 6898 8230 36.

26. Despite confirmation of delivery on December 21, 2024, Plaintiff did not receive dispute results in the mail from LexisNexis.

27. However, on or about January 27, 2025, Plaintiff contacted LexisNexis to obtain her dispute results, and the representative advised the inaccurate Eviction Proceeding was removed from her consumer report.

28. LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

29. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her consumer file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis's reluctance to fix the errors;

    iv. Loss of opportunity and delays in obtaining housing due to LexisNexis's errors; and

    v. Defamation as LexisNexis published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

30. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

31. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and consumer files it published and maintains concerning Plaintiff.

32. LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

33. LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

34. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

35. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CAROLINA MOREIRA HOYER, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, LexisNexis Risk Solutions Inc. (Willful)

37. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

38. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

39. LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

40. LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

41. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

42. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CAROLINA MOREIRA HOYER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CAROLINA MOREIRA HOYER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of January 2025.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**/s/ *Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610

Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ *Jessica C. Berger, Esq.***
Jessica C. Berger, Esq.
Florida Bar No.: 10507738
The Consumer Lawyers PLLC
501 E Kennedy Blvd Ste 610
Tampa FL, 33602
Telephone: 656.227.2532
Facsimile: 844.951.3933
Jessica@theconsumerlawyers.com
*Attorneys for Plaintiff*